# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN SEXTON SAND & GRAVEL CORP. | )<br>)<br>) |
| Plaintiff and Counter-Defendant, | )<br>) |
| v. | ) Case No. 14-cv-9827<br>) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and TRANSAMERICA CORPORATION | ) Judge Sharon Johnson Coleman<br>)<br>)<br>) |
| Defendants and Counterclaimants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Sexton Sand & Gravel Corp. ("Sexton") filed a complaint for declaratory judgment, asking this Court to find that its insurers, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Transamerica Corporation, have a duty to defend and indemnify Sexton in an underlying suit brought against it. National Union denied the allegations and counterclaimed, asking this Court to find there is no duty to defend and indemnify. National Union then moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and the Court granted the motion. The Court set forth the relevant facts in its order on National Union's motion for judgment on the pleadings and need not repeat them here. *See John Sexton Sand & Gravel Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 14-CV-9827, 2015 WL 8536736, at *1-2 (N.D. Ill. Dec. 11, 2015). Sexton now moves for reconsideration of this Court's grant of judgment on the pleadings. The Court denies the motion to reconsider.

**Legal Standard**

"A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded

entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal quotations omitted). Sexton does not specify whether it moves for reconsideration under Rule 59 or Rule 60, but the Court will construe the motion as a Rule 59(e) motion because it focuses on correcting manifest errors of law and fact and was filed within the 28 day time limit that Rule 59(e) prescribes. Sexton will not be prejudiced if the Court has misapprehended the nature of the motion because the threshold of proof is lower under Rule 59(e) than under Rule 60(b). *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013).

**Discussion**

The factual allegations of the underlying *Allied* complaint describe two types of costs that Allied incurred. First, Allied paid the settlement costs for three pollution-related lawsuits regarding the Congress Site landfill (the Hillside suit, the Roti suit, and the Clean Air suit) ("settlement costs"). (Dkt. 25-4 ¶¶ 33-43.) Second, it incurred costs related to remedying and mitigating pollution and operating a post-closure landfill in compliance with state and federal law ("response costs"). (*Id.* ¶¶ 51-57.) In the underlying complaint Allied sought reimbursement of these costs from Sexton pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C § 9607(a)(4)(B), in Count III and pursuant to Sexton's contractual obligations in Count IV.

Sexton's commercial general liability insurance with National Union covers damages for which Sexton is liable because of "personal injury" caused by certain enumerated offenses, including "[w]rongful entry into . . . premises that the person occupies" ("wrongful entry"). (Dkt. 25-1 at 4-6, 11, Dkt. 25-2 at 18-20, 26.) In order to find National Union has a duty to defend Count III, the Court must find that the *Allied* complaint demonstrates a nexus between allegations of conduct that constitutes wrongful entry and the CERCLA response costs that are sought. In its motion to reconsider Sexton takes issue with the Court's analysis regarding what conduct it deemed to be

wrongful entry. The Court found that only the conduct which gave rise to the Roti suit constituted wrongful entry, since wrongful entry requires the invasion of a premises occupied by a person and only the Roti suit concerned private property. Assuming arguendo the Court erred in its interpretation of conduct constituting wrongful entry,[1] this error was not outcome determinative. The Court found that the *Allied* complaint did not evince a nexus between *any* of the prior lawsuits and the CERCLA response costs sought in Count III. (Dkt. 60 at 6.) ("Allied does not make clear which prior litigation, *if any*, is related to the response costs it is demanding from Sexton in Count III.") (emphasis added). The Court's prior order implied it was hypothetically possible that there was overlap between settlement costs and response costs. But absent any factual allegations demonstrating such overlap, the Court found there was no nexus between the claim for CERCLA response costs and any allegations of wrongful entry. *See Pekin Ins. Co. v. Precision Dose, Inc.*, 360 Ill.Dec 171, 187, 968 N.E.2d 664, 680 ("[I]t is the actual complaint, not some hypothetical version, that must be considered."). Sexton has not persuaded the Court that it committed a manifest error of law or fact in arriving at its conclusion.

Regarding Count IV, the Court found there was a nexus between the conduct constituting wrongful entry and the claim for relief because a portion of the costs that Sexton allegedly owed to Allied under the Partnership Agreement arose out of the Roti suit. However, the Court found that the contractual liability exclusion precluded coverage. Sexton now argues that the Court overlooked the exception to the exclusion, which provides that the exclusion "does not apply to liability for damages that the insured would have in the absence of the contract or agreement." Sexton argues

---

[1] The Court is not convinced that the conduct underlying the Hillside and Clean Air suits, as that conduct is described in the *Allied* complaint, constitutes wrongful entry into premises occupied by a person. Sexton faults the Court for not citing to any law to support its reasoning. Indeed, the Court is unaware of any binding precedent on the question and as a matter of first impression interpreted the wrongful entry language in the policy, which describes a type of *personal* injury, as applying only to invasions of private property. Sexton's mere disagreement with the Court's interpretation of the policy language is an insufficient basis for reconsideration absent any law that indicates the interpretation was a manifest error.

3

the exception applies because Sexton's alleged liability to Allied Waste would exist under CERCLA even absent the Partnership Agreement. However, as explained above, the *Allied* complaint contains no allegations that connect Sexton's alleged liability under CERCLA to a wrongful entry. Accordingly, the Court denies Sexton's motion to reconsider [65].

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  June 2, 2016